04-CV-00331-CMP

CC: TO JUDGE ___ZG___

_____ FILED     _____ ENTERED
_____ LODGED   _____ RECEIVED

FEB 17 2004 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

CHRISTOPHER MATTHES, )
                                    )
                     Plaintiff, )      No. **C04  0331 Z**
                                    )
          v.                      )      **COMPLAINT REGARDING**
                                    )      **UNLAWFUL OFFER AND**
ZECO HOLDINGS, INC.,       )      **SALE OF SECURITIES**
COREY M. ZEMBRUSKI,     )
and ROBIN PRICE,             )
                                    )
                    Defendants. )
_____)

1    Plaintiff alleges as follows:

2                           **JURISDICTION**

3          1.    The following statutes provide jurisdiction over plaintiff's

4    federal-law claims:    Section 22(a) of the Securities Act of 1933

5    (15 U.S.C. § 77v(a)); Section 27 of the Securities Exchange Act of 1934

6    (15 U.S.C. § 78aa); and the statute codified at 28 U.S.C. § 1331

7    (federal question jurisdiction).

**COMPLAINT** – page 1

**THOMAS CLINE**
ATTORNEY AT LAW
5308 BALLARD AVE NW
SEATTLE WA 98107
(206) 789-2777

1         2.   Section 310 of the Judicial Improvements Act of 1990

2  (28 U.S.C. § 1367) provides supplemental jurisdiction over plaintiff's

3  state-law claims.

4                      **DEFENDANTS**

5         3.   Defendant Zeco Holdings, Inc. is an active Washington

6  business corporation with its principal place of business in Burlington,

7  Washington.

8         4.   Defendant Corey M. Zembruski resides in Burlington,

9  Washington and has been, at all relevant times, the sole shareholder

10  and a director of Zeco Holdings, Inc.

11        5.   Defendant Robin Price resides in Burlington, Washington

12  and has been, at all relevant times, a director of Zeco Holdings, Inc.

13             **OFFER AND SALE OF SECURITIES**

14         6.   Beginning on or about the 16th of May 2003 defendants

15  Zembruski and Price, acting on behalf of the corporate defendant,

16  made offers by mail and by telephone to persons residing in the

17  states of Washington and Pennsylvania to sell corporate notes, payable

18  in four years, and attempted thereby to raise two-hundred fifty

19  thousand dollars for the establishment of a new branch office for an

20  existing mortgage brokerage business.

21         7.   In response to this offer plaintiff Christopher Matthes

22  agreed to purchase a note and delivered to defendant Zembruski

23  a bank check payable to the corporate defendant in the amount

24  of seventy thousand dollars.

25         8.   Prior to delivery of this check defendants Zembruski

26  and Price, acting in their capacities as corporate directors, signed their

**COMPLAINT** – page 2

**THOMAS CLINE**
ATTORNEY AT LAW
5308 BALLARD AVE NW
SEATTLE WA 98107
(206) 789-2777

1  names to a resolution of the corporate defendant to accept the seventy-
2  thousand dollar transfer and issue a note to the plaintiff.

3  **COUNT ONE:  LACK OF FEDERAL REGISTRATION**

4  9.   The note issued by Zeco Holdings, Inc. is an unregistered
5  security for which registration with the Securities and Exchange
6  Commission is required by the Securities Act of 1933.

7  **COUNT TWO: LACK OF WASHINGTON REGISTRATION**

8  10.  The note issued by Zeco Holdings, Inc. is an unregistered
9  security for which registration with the Washington Department of
10 Financial Institutions is required by the Washington Securities Act.

11 **COUNT THREE:  MISREPRESENTATIONS AND OMISSIONS**
12 **ACTIONABLE UNDER FEDERAL LAW**

13 11. While making offers to sell the unregistered securities,
14 defendants Zembruski and Price, deliberately or recklessly and in
15 violation of the Securities Act of 1933 and the Securities Exchange
16 Act of 1934, made untrue statements of material fact and omitted to
17 state material facts necessary in order to make their statements not
18 misleading, to wit, (a) they failed to disclose that Zembruski had been
19 convicted of nine felony counts of theft by embezzlement in 1997,
20 (b) they failed to disclose that their principal residence was the
21 subject of a pending trustee's sale, (c) they falsely represented that
22 the proceeds of the note would be used to establish a branch office
23 for an existing business, (d) they failed to disclose that the corporate
24 defendant did not have the proper State of Washington license to
25 operate as a mortgage broker or any other financial business, (e) they
26 falsely represented that a Washington business corporation named

**COMPLAINT** – page 3

1   A+ Mortgage, Inc. was owned by the corporate defendant, and (f) they

2   falsely represented that the corporate defendant owned eleven branch

3   offices.

4           **COUNT FOUR:  MISREPRESENTATIONS AND OMISSIONS**

5               **ACTIONABLE UNDER WASHINGTON LAW**

6        12. The omissions and false statements mentioned in the

7   preceding paragraph also constitute violations of the Washington

8   Securities Act, but without regard to any mental state of the defendant

9   speaking or under a duty to speak.

10                 **COUNT FIVE:  EMOTIONAL DISTRESS**

11        13. As a reasonably foreseeable consequence of the

12   omissions and false statements mentioned in Paragraph 11, plaintiff

13   has suffered emotional distress, for which, he should be reasonably

14   compensated.

15               **COUNT SIX:  FRAUDULENT TRANSFERS**

16        14. Since receiving the investment from the plaintiff, the

17   corporate defendant has made transfers to or on behalf of defendants

18   Zembruski and Price which are deemed fraudulent by the Uniform

19   Fraudulent Transfer Act.

20        WHEREFORE, plaintiff prays that the court grant him the

21   following relief:

22        1. Whatever provisional remedies might be permissible

23   under Fed. R. Civ. P. 64 to secure satisfaction of any judgment

24   ultimately to be entered in plaintiff's favor;

25        2. Judgment against the corporate defendant for rescission

26   of the unlawful securities purchase and for return of the $70,000 paid

**THOMAS CLINE**
ATTORNEY AT LAW
5308 BALLARD AVE NW
SEATTLE WA 98107
(206) 789-2777

1   by plaintiff, plus unpaid interest from the date of the purchase, plus

2   attorney's fees and costs;

3        3.   Judgment jointly and severally for damages against

4   defendants Zembruski and Price in the amount of $70,000, plus

5   interest from the date of the security purchase, plus attorney's fees

6   and costs, for violation of federal and state securities laws and for

7   accepting fraudulent transfers from the corporate defendant;

8        4.   Judgment jointly and severally against each of the

9   defendants in an amount that would reasonably compensate plaintiff

10  for his emotional distress; and

11       5.   Whatever additional legal or equitable relief would be just

12  under the circumstances including injunctive relief.

DATED this 17th day of February 2004.

Thomas Cline
Attorney for Plaintiff

WSBA 11772

**COMPLAINT** – page 5